IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 05-4019-JPG |
| ) | |
| JAYCEE J. STARNES, ) | |
| ) | |
| Defendant. ) | |

**JUDGMENT DECREE AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

This cause coming on to be heard upon the Plaintiff's Complaint, and an Order of Default having been entered against the Defendant, Jaycee J. Starnes; on this day the Court finds:

1. That it has jurisdiction of the parties to and subject matter of this suit.  The Defendant has been properly served and having failed to answer or otherwise enter any appearance herein, although the time for answering having expired, is ordered defaulted.

2. That the Defendant, Jaycee J. Starnes, did execute a note in the amount of $45,525.00 to the United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), and that said note was secured by a mortgage dated May 8, 1998, said mortgage on the hereinafter described property being executed by mortgagor wherein the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, was the mortgagee.  The mortgage was recorded in Saline County, Illinois, in Mortgage Record Book 1252, Pages 132-137, as document #161250.

3. That by virtue of the mortgage and indebtedness thereby secured, the Plaintiff, United States of America, has a valid and subsisting lien as follows:

    Common address:  111 N. Michigan Street, Harrisburg, Illinois  62946

    Lots Three (3) and Four (4) in Block Seventy-six (76) in George Gaskins Fifth (5TH) Addition of Outlots to the City of Harrisburg, Saline County, Illinois.  Except any interest that may exist in the coal, oil, gas and all other minerals underlying said premises, together with the right to mine and remove the same.

4. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due the Plaintiff, the United States of America, as follows:

    (a)    For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's Docket and Recording Fees | $ 281.00 |
| U.S. Marshal's Costs for Service of Summons | $ 373.28 |
| Title Expenses Paid | $ 465.00 |
| TOTAL | $ 1,119.28 |

    (b)    For the use and benefit of the Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid Balance of Principal | $ 55,013.25 |
| Unpaid Balance of Interest | $ 13,592.22 |
| Subsidy Recapture Paid | $ 3,653.28 |
| Total amount due Plaintiff as of August 17, 2005, exclusive of foreclosure costs | $ 72,258.75 |

    (c)    In addition, the Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection

     with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs or procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

 (d) Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

 (e) In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

 (f) In order to protect and preserve the mortgaged real estate, it may also become necessary for the Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

 (g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

 5. That Saline County, Illinois, has a valid lien on the above-described property for taxes for the years 2004 and 2005, and the property will be sold subject to the interest of Saline County, resulting from taxes, general or special, which are a valid lien against the above-described property.

 WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by this Court that judgment is entered against Jaycee J. Starnes for $73,378.03, and unless the Defendant and her assigns and successors in interest to the above-described property, pay to the Plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $73,378.03 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 3 of this decree shall be sold at public sale to the highest bidder for 10% at

time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Saline County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Saline County Courthouse in the City of Harrisburg, Illinois.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 3 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that the Plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in subsection (d) of 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned. Consequently the redemption period pursuant to 735 ILCS § 5/15-1603, shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS § 5/15-1602, or 30 days after entry of this Judgment Decree of Foreclosure, whichever is later.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of said proceeds he shall pay to the Plaintiff $73,378.03, together with lawful interest to be computed thereon to the date of this decree, and any court costs of this action in its behalf. Said United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale in this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by Order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED from the date of entry of this Judgment Decree of Foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagors shall be entitled to retain possession of the

above-described real estate. After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further Order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of said 30-day time period. In default of mortgagors so doing, an Order of Ejectment shall issue.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time to which time this cause is hereby continued.

**DATED: November 4, 2005.**

                                                                                                              /s/ J. Phil Gilbert  
                                                                                                             **J. PHIL GILBERT**  
                                                                                                              **U.S. District Judge**